USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WOLLAM INTERNATIONAL CORP.,                : 04 Civ. 8899 (CSH) (HP)
                                           :
                    Plaintiff,             :
                                           :
        -against-                          : MEMORANDUM, OPINION, AND
                                           :             ORDER
                                           :
M/V/ LU HE, her engines, boilers, tackle, etc., :
*in rem*, and SAMYOUNG AMERICA, INC.,      :
*in personam*,                             :
                                           :
                    Defendants.            :
------------------------------------------------------------ x
SAMYOUNG AMERICA, INC.,                    :
                                           :
                    Third Party Plaintiff, :
                                           :
        -against-                          :
                                           :
U.S. INTERMODAL MARITIME, INC.,            :
                                           :
                    Third Party Defendant. :
------------------------------------------------------------ x
U.S. INTERMODAL MARITIME, INC.,            :
                                           :
                    Cross-Claim Plaintiff, :
                                           :
        -against-                          :
                                           :
SAMYOUNG AMERICA, INC.,                    :
                                           :
                    Cross-Claim Defendant. :
------------------------------------------------------------ x

```
------------------------------------------------------------- x
U.S. INTERMODAL MARITIME, INC.,                               :
                                                              :
                Second Third-Party Plaintiff,                 :
                                                              :
        -against-                                             :
                                                              :
P.A.C. CONSOLIDATORS, LTD., P.A.C.                            :
OCEAN LINES and P.A.C.                                        :
INTERNATIONAL FREIGHT, LTD.,                                  :
                                                              :
                Second Third Party Defendants.                :
------------------------------------------------------------- x
P.A.C. CONSOLIDATORS, LTD., P.A.C.                            :
OCEAN LINES and P.A.C.                                        :
INTERNATIONAL FREIGHT, LTD.,                                  :
                                                              :
                Third Third-Party Plaintiff,                  :
                                                              :
        -against-                                             :
                                                              :
COSCO CONTAINER LINES,                                        :
                                                              :
                Third Third-Party Defendants.                 :
------------------------------------------------------------- x
P.A.C. CONSOLIDATORS, LTD., P.A.C.                            :
OCEAN LINES and P.A.C.                                        :
INTERNATIONAL FREIGHT, LTD.,                                  :
                                                              :
                Second Cross-Claim Plaintiffs,                :
                                                              :
        -against-                                             :
                                                              :
SAMYOUNG AMERICA, INC.,                                       :
                                                              :
                Second Cross Claim Defendant.                 :
------------------------------------------------------------- x
```

```
-----------------------------------------------------------x
SAMYOUNG AMERICA, INC.,                                    :
                                                           :
                Third Cross-Claim Plaintiff,               :
                                                           :
        -against-                                          :
                                                           :
P.A.C. CONSOLIDATORS, LTD., P.A.C.                         :
OCEAN LINES and P.A.C.                                     :
INTERNATIONAL FREIGHT, LTD.,                               :
                                                           :
                Third Cross-Claim Defendants.              :
-----------------------------------------------------------x
P.A.C. CONSOLIDATORS, LTD., P.A.C.                         :
OCEAN LINES and P.A.C.                                     :
INTERNATIONAL FREIGHT, LTD.,                               :
                                                           :
                Fourth Cross-Claim Plaintiffs,             :
                                                           :
        -against-                                          :
                                                           :
U.S. INTERMODAL MARITIME, INC.,                            :
                                                           :
                Fourth Cross-Claim Defendant.              :
-----------------------------------------------------------x
```

HAIGHT, Senior District Judge:

In this admiralty action, Plaintiff Wollam International Corp. ("Wollam") alleges that it was the owner of two shipments of ladies' pants transported by sea from Hong Kong to Long Beach, California, and by land from Long Beach to Laredo, Texas. Wollam had purchased the goods from Fitway Garment Manufactory ("Fitway") in Hong Kong. Wollam further alleges that one of the shipments was delivered to the ultimate consignee in Laredo without the surrender of the original bill of lading covering the shipment and issued by Defendant Samyoung America, Inc. ("Samyoung"), an NVOCC (non-vessel owning common carrier), with whom Fitway contracted for the shipment's transportation. That circumstance, Wollam alleges, was the proximate cause of a loss

3

accruing when the purchaser of the shipment from Wollam, New Era Fabrics, Inc. ("New Era"), failed to pay Wollam the invoice price. Wollam's theory against Samyoung is that delivery of the shipment to a consignee without surrender of the bill of lading constituted a breach by Samyoung of the contract of carriage represented by the bill of lading. Wollam now moves against Samyoung for partial summary judgment on the issue of liability. Samyoung resists that motion and contends that further discovery must be held before Wollam's case against it is appropriate for summary disposition.

As frequently occurs in cases of this nature, *see Prima U.S. Inc. v. Panalpina, Inc.*, 223 F.3d 126, 128 (2d Cir. 2000), Wollam's claim against Samyoung triggered the addition of other parties through third-party practice and the assertion of claims for indemnification or comparable relief. Specifically, Samyoung brought in Third-Party Defendant U.S. Intermodal Maritime, Ltd. ("USIM"), which negotiated with Fitway for the transportation of the shipment in suit and issued the bill of lading on Samyoung's form; USIM brought in Second Third-Party Defendants P.A.C. Consolidators, Ltd., P.A.C. Ocean Lines, and P.A.C. International Freight, Ltd. (collectively "PAC"), Samyoung having booked the shipment with PAC, another NVOCC which issued its own bill of lading; and PAC brought in Third Third-Party Defendant Cosco Container Lines ("Cosco'), an actual shipowner which operated an actual vessel, on which PAC booked the cargo for the ocean carriage and which issued its own bill of lading. In addition to Wollam's motion for partial summary judgment against Samyoung, this third-party practice has generated the following additional pending motions: Third-Party Defendant and Second Third-Party Plaintiff USIM cross-moves pursuant to Rule 56, Fed. R. Civ. P. for a conditional order of indemnification against Second Third-Party Defendant and Third Third-Party Plaintiff PAC; Second Third-Party Defendant and Third Third-Party Plaintiff PAC cross-

4

moves pursuant to Rule 56, Fed. R. Civ. P. for a conditional order of indemnification against Third Third-Party Defendant Cosco; and Third Third-Party Defendant Cosco moves pursuant to Rule 12(b)(3), Fed. R. Civ. P. to dismiss all claims against Cosco.

Wollam's theory of recovery against Samyoung is that USIM, Samyoung's authorized agent, issued a bill of lading which required the original bill to be surrendered before the shipment was delivered to the consignee at Laredo; that the shipment's delivery to the consignee without the surrender of the bill of lading breached Samyoung's contract of carriage as contained in the bill of lading; and that this breach was the proximate cause of the loss Wollam suffered when its purchaser, New Era, failed to pay Wollam for the shipment.

Wollam contends that this case is just like *Allied Chemical International Corp. v. Companhia de Navegacao Lloyd Brasileiro*, 775 F.2d 476 (2d Cir. 1985), an opinion which Wollam says entitles it to summary judgment against Samyoung on liability as a matter of law. *Allied* articulates principles relevant to the case at bar, but its cast of characters and the governing documents were less complex. No NVOCC was involved in *Allied*. Plaintiff Allied was an American exporter of chemical products who sold two shipments of caprolactam (a substance used in the manufacture of nylon) to Banysla, a Brazilian company. Allied contracted with a shipowner, defendant Lloyd, for Lloyd's vessel ITAPURA to carry the shipments from the Port of Norfolk, Virginia to the Port of Salvador, Brazil. Lloyd issued "clean bills of lading that described the cargo, listed Allied as the shipper and showed the goods were consigned to the order of Banylsa." 775 F.2d at 479. Allied also "forwarded the shipping documents – including the sight drafts, the original bills of lading and the original commercial invoices – to the Brazilian bank for handling and collection. Allied specifically instructed the Brazilian bank to deliver the documents only against payment of

5

the sight drafts." *Id.* That form of documentary sale, the Second Circuit observed in *Allied*, "enables the distant seller to protect himself from an insolvent or fraudulent buyer by ensuring that the buyer ordinarily cannot take possession of the goods until he has paid for them." *Id.* at 481. Allied recovered a judgment against Lloyd for breach of the bill of lading's contract of carriage because Lloyd's agent in Salvador released the second shipment to Banylsa although Banylsa had not paid Allied for the goods and accordingly did not have the original bill of lading to surrender.[1] The Second Circuit explained: "The dispute herein involved precisely the consequence that the documentary transaction is intended to avert: Banylsa, which turned out to be an insolvent buyer, was given possession of goods for which it had not paid," a result that would have been avoided "had Lloyd, in keeping with its obligation, demanded the production of the bill of lading before permitting Banylsa to claim the caprolactam." *Id.* at 482.

The stage upon which the case at bar is played out is more cluttered by actors. Unlike the plaintiff shipper Allied in *Allied*, Samyoung's bill of lading identifies Fitway as the shipper, not the plaintiff Wollam. The Samyoung bill of lading identifies a Mexican company, Parnaza, as the consignee, not New Arts, the California company that owed Wollam for the goods. The bill of lading does not refer to Wollam at all. Fitway, at Wollam's request, returned the original bills of lading to Wollam when New Arts failed to pay Wollam for the goods; but Wollam's standing to sue Samyoung for breaching the bill of lading contract is purportedly conferred by an undated "Intrust Agreement" between Fitway and Wollam which provides that "[a]ll of this agreement shall be agreed by both parties," which poses a possible complication since the document was signed by Fitway but not by Wollam. Whether Samyoung authorized USIM to issue the bill of lading in suit (which

---

[1] That event is referred to in maritime law as a "misdelivery" of the cargo.

Samyoung denies in a sworn declaration); just who the consignee Parnaza was and how it obtained delivery of the shipment; the arrangement for payments for the goods between Wollam and New Arts; and whether that delivery could and should have been prevented, to Wollam's benefit, by a failure to surrender the original Samyoung bill of lading at Laredo: these and other questions are not fully resolved by the declarations and exhibits comprising the present evidentiary record, and comparable questions were not raised in *Allied*, a simpler case.

I do not mean to overstate the differences between *Allied* and the case at bar. A bill of lading issued by an NVOCC like Samyoung imposes the same obligations upon the NVOCC as a bill of lading issued by a vessel-owning ocean carrier like Lloyd. The Second Circuit made that plain in *Prima*, 223 F.3d at 129 ("If anything happens to the goods during the voyage the NVOCC is liable to the shipper because of the bill of lading that it issued."). Thus general principles applicable to the ocean carrier in *Allied* are equally applicable to Samyoung, an NVOCC issuing a bill of lading. Nonetheless, the questions presented by the limited record in this case require, as Samyoung contends and notwithstanding Wollam's argument to the contrary, further pre-trial discovery.[2] That need is reinforced by the generally recognized principle that summary judgment under Fed.R.Civ.P. 56 is appropriate "only after adequate time for discovery," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and should be denied "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477U.S. 242, 250 (1986).

---

[2] It is pertinent to note in this regard that the parties in *Allied* agreed the district court would decide the case on the basis of stipulations of fact, a deposition, briefs, and proposed findings of fact and conclusions of law. *Allied,* 775 F.2d at 479. That streamlined procedure reflects the undisputed nature of the principal relevant facts. As demonstrated in text, the case at bar is different.

For the foregoing reasons, the Court makes the following Order:

1. The motion of Plaintiff Wollam against Defendant Samyoung for partial summary judgment on the issue of liability is denied, without prejudice to renewal after completion of discovery.

2. Because the liability of third parties is for the most part derivative of Samyoung's liability to Wollam, the motions made by those third parties will also be denied, without prejudice to renewal after completion of discovery. Specifically, Third-Party Defendant and Second Third-Party Plaintiff USIM's cross-motion pursuant to Rule 56 Fed. R. Civ. P. for a conditional order of indemnification against Second Third-Party Defendant and Third Third-Party Plaintiff PAC is denied without prejudice; Second Third-Party Defendant and Third Third-Party Plaintiff PAC's cross-motion pursuant to Rule 56 Fed. R. Civ. P. for a conditional order of indemnification against Third Third-Party Defendant Cosco is denied without prejudice; and Third Third-Party Defendant Cosco's motion pursuant to Rule 12(b)(3) Fed. R. Civ. P. to dismiss all claims against Cosco is denied without prejudice.

The discovery which this Opinion requires in principle will be governed in practice by Magistrate Judge Pitman, to whom the case has been referred for that purpose.

It is SO ORDERED.

Dated: New York, New York
September 26, 2006

_____
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE